# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DUANE WITZLIB,

               **Plaintiff,**

     **v.**                            **Case No. 08C0342**

ROBERT COHEN, Trustee,
American Wiper & Supply Profit
Sharing Plan,

               **Defendant.**

---

## ORDER

Plaintiff Duane Witzlib brought this action against defendant Robert Cohen, who plaintiff alleged was a trustee of the American Wiper & Supply Profit Sharing Plan. Plaintiff alleged that defendant failed to respond to his requests for the Plan's annual reports and statements of account as required by 28 U.S.C. § 1132. Plaintiff served defendant, but defendant did not appear. Pursuant to Fed. R. Civ. P. 55(a), the clerk of court entered defendant's default, and pursuant to Rule 55(b)(2), plaintiff now asks me to enter a default judgment.

In considering plaintiff's motion, I take as true all of his well-pleaded allegations except those relating to the amount of damages. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir.1994). I do not automatically enter judgment but must exercise discretion. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir.1993); Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 250 (7th Cir.1990); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2685 (3d ed. 1998). In doing so, I consider such factors as the amount of money potentially involved, whether material issues of fact or issues of

substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or are in doubt.  Id.

I am concerned that plaintiff has not clearly established the grounds for default and therefore decline to enter judgment at this time.  Plaintiff seeks statutory damages, but such damages are available only against the Plan administrator, § 1132(c)(1)(B), and plaintiff does not allege or prove that defendant held such position.  He attaches letters to his complaint which suggest that defendant was not in fact the administrator.  (Compl. Ex. A.) ("It is our understanding that you are the trustee of the plan. . . . Please instruct the administrator that cash should be wire transferred to. . . .").  Plaintiff also does not allege or establish any information about the Plan, that he was a participant at the time he made the request, that the Plan was governed by the Employment Retirement Income Security Act or that the information sought was required to be disclosed.  Nor does plaintiff provide any information about an appropriate penalty.  Plaintiff must cure these deficiencies before obtaining judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for default judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the case will be **DISMISSED** on January 5, 2009 unless plaintiff submits information, possibly in the form of an amended complaint, on or before that date curing the identified deficiencies.

2

Dated at Milwaukee, Wisconsin this 20 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge